## Estate of Dennis KENNISON v. Arthur C. BUGBEE, Defendant and NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Intervenor

[565 A.2d 1319]

No. 89-322

July 19, 1989. Movant National Grange Mutual Insurance Company is an intervenor in this wrongful death action by plaintiff's estate against defendant and seeks a declaration that its homeowner's policy with defendant excluded the acts resulting in death of

decedent and that it need not defend. The company moves under V.R.A.P. 5 for interlocutory review of trial court's denial of its summary judgment motion and its own denial of a motion for interlocutory review. We also deny the motion.

It is undisputed that decedent was killed as a passenger in defendant's truck when defendant, in backing up, reached back and accidentally discharged a weapon mounted in the rear gun rack. Defendant was covered by a homeowner's policy issued by movant, which included certain liability coverage, but contained an exclusion stating as folows:

1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage.

. . . .

e. arising out of the ownership, maintenance, use, loading or unloading of:

. . . .

(a) a motor vehicle or motorized bicycle owned and operated by, or loaned or rented to any insured.

Movant argued that as a matter of law the claim against defendant "arose out of the use of a motor vehicle and is, therefore, excluded under the homeowner's policy." The trial court denied the motion for summary judgment because:

Court cannot say as a matter of law that the loss arises out of ownership, maintenance, use, loading or unloading of a motor vehicle. The facts before the court indicate that the loss was a result of negligent use of a firearm. The exclusion appears not to apply.

In denying the motion for permission to appeal, the court made clear that the facts before the court were insufficient to either grant the summary judgment motion or to justify allowing an interlocutory appeal, stating that it was "unable to say as a matter of law that auto use was causally connected to the gun discharge."

While the reversal of the denial of summary judgment would terminate the litigation, we do not believe that movant has shown a sufficient likelihood of the result it advocates to justify our intervention at this time. The trial court found that there are disputed issues of fact, and that court is in a better position to evaluate the factual record than we are. For this reason, the trial court's decision refusing interlocutory review must be upheld, absent an abuse of discretion. See *State v. McCann*, 149 Vt. 147, 151, 541 A.2d 75, 76-77 (1987). The trial court declined to decide if the language of the homeowner's policy should exclude coverage in this particular case without a fuller factual record. Not only does no abuse of discretion appear, but the court's decision appears to be the safer course, given the diversity in decisional law in other jurisdictions and the facts so far presented. The likelihood that "factual distinctions could control the legal result" strongly suggests that this is not an appropriate matter for interlocutory appeal. *Id.* at 151, 541 A.2d at 77.

*Motion is denied.*